### CALIFORNIA WATER SERVICE CO. et al. v. CITY OF REDDING et al.

No. 4227-R.

District Court, N. D. California, S. D.

March 22, 1938.

See, also, 22 F.Supp. 641.

Warren Olney, Jr., A. Crawford Greene, John T. Pigott, James D. Adams, and Henry D. Costigan, all of San Francisco, Cal. (Carr & Kennedy, of Redding, Cal., and McCutchen, Olney, Mannon & Greene, of San Francisco, Cal., of counsel), for plaintiffs.

W. H. Orrick and George Herrington, both of San Francisco, Cal., for defendants Banks, Huntley & Co., R. H. Moulton & Co., and Mason Bros.

Esmond Schapiro, W. H. Orrick, and George Herrington, all of San Francisco, Cal. (Orrick, Dahlquist, Neff & Herrington, of San Francisco, Cal., of counsel), for defendant Stone & Youngberg.

W. D. Tillotson, Jesse W. Carter, and Daniel S. Carlton, all of Redding, Cal. (Carter, Barrett, Finley & Carlton, of Redding, Cal., of counsel), for defendant City of Redding and officers thereof.

Before DENMAN, Circuit Judge, and ST. SURE and ROCHE, District Judges.

DENMAN, Circuit Judge.

Plaintiffs make their application for a restraining order pending appeal and offer to give bond to indemnify the city if the appeal fail and the city be damaged by the frustration of its project for a municipal water supply.

■ The act creating the Public Works Administration states its policy and purposes to be something quite other and beyond the mere building of a water plant. It concerns the relief of a national emergency which we find continues to exist. This is shown by the following: "A national emergency productive of *widespread unemployment* and disorganization of industry, which burdens interstate and foreign commerce, affects the public welfare, and undermines the standards of living of the American people, is hereby declared to exist. It is hereby declared to be the policy of Congress to * * * reduce and relieve unemploy-

ment." (Italics supplied.) 15 U.S.C.A. § 701.

The federal funds of the grant loan agreement which the plaintiffs for the last fall and winter months have prevented from expenditure have been kept from the often poignantly needed relief of the unemployed who otherwise would be occupied in and about Redding's proposed water plant and in the manufacturing concerns supplying the material for its structures and machinery. No bond can compensate for the continuance of the frustration of this beneficial purpose during the months of pendency of an appeal.

The uncontradicted affidavits of the city establish the inadequate fire extinguishing capacity of the plaintiff water company's plant and the higher rate of insurance which this inadequacy imposes on the city's homes and business buildings. Nor is it contradicted that the city's plant would give to the owners of homes and business properties a reduction of insurance rates amounting to as much as 10 per cent. No bond adequately can compensate for such a loss for the period in which an injunction would continue the existing higher premiums.

■ Since the granting or denying of the restraining order is a matter of our discretion, it is unnecessary to consider the question whether the above matters are direct or indirect consequences of the proposed restraint. They are realities we cannot ignore.

The water company's application suggests that we have overlooked some federal question in the claimed cause of action based on the failure of the bond issue to comply with the State Constitution and statutes. We can find nothing in plaintiffs' arguments not contained in the statement of their opening brief of the issues involved, as follows:

"Federal Questions as to Procedure.

"A. Administrator Ickes is not an indispensable party.

"B. Plaintiff Company has standing to raise the Federal questions.

"Federal Questions on Merits.

"It is alleged that the contract is invalid for the following reasons:

"1. Because Congress has no power under the general welfare clause to grant funds

to Redding for the construction of a municipal competing water works.

"2. Because the contract is made under an unconstitutional delegation of legislative power by Congress to the Administrator.

"3. Because the contract purports to delegate municipal functions and powers of the City Council to the Administrator in violation of the Tenth Amendment.

"4. Because the contract and grant are not authorized by the Federal Acts.

"Question Under State Law Dependent on Validity of PWA Grant:

"5. If the City does not obtain the PWA grant, it cannot spend the bond proceeds because the bonds were voted solely for a complete water system and the bond proceeds would only pay for 55% thereof.

"Motion to Dismiss and Motion for Interlocutory Injunction.

"The principles applicable to these motions will be discussed in the last portion of Part I of this brief.

"Other Questions Under State Law (Part II of Brief).

"A. This Court has jurisdiction to decide such questions.

"6. The provisions of the contract for the grant conflict with the California Constitution in that they constitute an unlawful delegation of municipal powers to the Administrator.

"7. The bonds are invalid because:

"(1) The issuance and sale of the bonds in the manner in which and at the price for which they were issued and sold constituted a fraud upon the City and its taxpayers and was illegal and invalid; diversion of the proceeds should be restrained.

"(2) The resolution of necessity was not adopted by a two-thirds vote of the City Council in accordance with the statute.

"(3) The proposition called for an election to determine whether 'to construct or acquire by purchase' a water works. Thus dual propositions were rolled into one, in violation of the provisions of the California Constitution requiring a separate count of votes on each proposition submitted. This was also confusing and misleading to the voters.

"(4) The figure of $200,000 inserted as the estimate of the cost of 'constructing or acquiring by purchase' the plant was an untrue and false estimate because the Council well knew the works could not be purchased for less than $224,000, the purchase price fixed by the Commission, and because the plans then before the Council for constructing the works indicated it would cost at least $362,000, which false estimate misled and deceived the voters at the election.

"(5) The validating acts do not cure our objections."

█ It is apparent that the decision for plaintiffs of any of the federal questions above presented would require us to declare invalid the "grant loan" contract executed pursuant to the PWA legislation. Such questions we have held we cannot consider in the absence of the granting and loaning party of the contract. If the United States had become a party, or as in the case of Alabama Power Company v. Ickes, 58 S.Ct. 300, 82 L.Ed. ——, the Secretary of the Interior, the situation would have been otherwise.

█ We entertain no "serious doubt of the correctness" of our decision, and the "special reasons existing," above recited, indicate the impropriety of granting the application. Virginian Railway Co. v. U. S., 272 U.S. 658, 673, 47 S.Ct. 222, 228, 71 L.Ed. 463.

Application for restraining order pending appeal is denied.